UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETHAN BROADBENT, HARLEY HOLMES and CHERISE NELSON, individually and on behalf of all other persons similarly situated who were employed by MOHAWK VALLEY HEALTH SYSTEM and ST. ELIZABETH HEALTH CENTER and/or any other entities affiliated with or controlled by MOHAWK VALLEY HEALTH SYSTEM or ST. ELIZABETH HEALTH CENTER,<br><br>           Plaintiffs,<br>-against-<br><br>MOHAWK VALLEY HEALTH SYSTEM and ST. ELIZABETH HEALTH CENTER, and any related entities,<br><br>           Defendants. | Index No.:  6:24-cv-443 (GTS/TWD)<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiffs Ethan Broadbent, Harley Holmes and Cherise Nelson, or collectively "Named Plaintiffs", by their attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiffs and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Mohawk Valley Health

1

System and/or St. Elizabeth Health Center, and/or any other entities affiliated with or controlled by Mohawk Valley Health System or St. Elizabeth Health Center, (hereinafter "Defendants") including Faxton-St. Luke's Healthcare Center located at 1656 Champlain Avenue, Utica, New York 13502 and Wynn Hospital located at 111 Hospital Drive, Utica, New York 13502, in trades and/or occupations entitled to be compensated for all hours worked and receive overtime compensation when required by federal and New York State law.

2. Defendants operate or operated a hospital at 2209 Genesee Street, Utica, New York 13501, where Named Plaintiff Harley Holmes worked as a Nurse Technician.

3. Defendants operate or operated a hospital at 2209 Genesee Street, Utica, New York 13501, where Named Plaintiff Cherise Nelson worked as a Patient Care Technician.

4. Defendant Mohawk Valley Health System operates a hospital at 111 Hospital Drive, Utica, NY 13502, known as Wynn Hospital, where Named Plaintiff Ethan Broadbent worked as a Patient Care Technician.

5. Until approximately October 2023, Defendant Mohawk Valley Health System also operated a hospital known as Faxton-St. Luke's Healthcare Center located at 1656 Champlain Avenue, Utica, New York 13502 where putative class members worked as Nurse Technicians and/or Patient Care Technicians performing duties identical to those of Named Plaintiffs herein.

6. Beginning in approximately March 2018, and continuing through the present, Defendants have engaged in a policy and practice of automatically deducting 30 minutes (one-half hour) from the paychecks of Named Plaintiffs and those similarly situated for every shift worked on any given day for "meal break time," despite the fact that Named Plaintiffs and those similarly situated typically worked for those 30 minutes (one-half hour) and did not receive any "break time."

7. Beginning in March 2018 and continuing through the present, Defendants have engaged in a policy and practice of depriving Named Plaintiffs and those similarly situated of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

8. Beginning in March 2018 and continuing through the present Defendants have engaged in a policy and practice of requiring Named Plaintiffs and those similarly situated to periodically work in excess of 40 hours per week, without providing overtime compensation as required by the applicable federal and state laws.

9. Upon information and belief, Defendants also failed to provide appropriate wage notices and pay statements to Named Plaintiffs and those similarly situated as required under NYLL.

10. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees of Defendants, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

11. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

12. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

13. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

14. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

15. Named Plaintiff Ethan Broadbent is an individual who is currently a resident of Oneida County, New York, and was employed by Defendant Mohawk Valley Health System at its Wynn Hospital location as a Patient Care Technician from approximately December 15, 2023, through March 20, 2024.

16. Named Plaintiff Harley Holmes is an individual who is currently a resident of Herkimer County, New York, and was employed by Defendants Mohawk Valley Health System and St. Elizabeth's Health Center as a Nurse Technician from approximately February 22, 2023, through July 26, 2023.

17. Named Plaintiff Cherise Nelson is an individual who is currently a resident of Oneida County, New York, and was employed by Defendants Mohawk Valley Health System and St. Elizabeth's Health Center as a Patient Care Technician from approximately February 2023, through November 2023.

18. Upon information and belief, Defendant Mohawk Valley Health System is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 1656 Champlin Avenue, Utica, New York 13502 or 111 Hospital Drive, Utica, NY 13502.

19. Upon information and belief, Defendant Mohawk Vallet Health System owned or owns, operates or operated and/or controls or controlled St. Elizabeth Medical Center located at

2209 Genesee Street, Utica, New York 13501; Faxton-St. Luke's Healthcare Center located at 1656 Champlain Avenue, Utica, New York 13502 and Wynn Hospital located at 111 Hospital Drive, Utica, New York 13502.

20.     Upon information and belief, Defendant St. Elizabeth Medical Center is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 2209 Genesee Street, Utica, New York 13501.

21.     At all times relevant to this action, Defendants were Named Plaintiffs' employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq*.

## CLASS ALLEGATIONS

22.      Plaintiffs reallege and incorporate by reference all the allegations set forth above.

23.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

24.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as Nurse Technicians, Patient Care Technicians, Certified Nurse Assistants and/or Licensed Practical Nurses and were paid hourly wages who had meal breaks automatically deducted from their wages while working for Defendants.

25.     Named Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiffs and those similarly situated, neither their regular hourly wage nor the minimum wage for all hours worked and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

26. The putative class is so numerous that the joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

27. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendants failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendants failed to provide Named Plaintiffs with proper wage notices and pay statements during the time of their employment.

28. The claims of the Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices and proper pay statements as required by NYLL.

29. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

31. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## FACTS

32. The Named Plaintiffs repeat each and every allegation previously made here as if set forth fully herein.

33. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

34. Named Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants, that they are entitled to: (1) be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA. (2) payment of all earned wages for all hours worked in accordance with New York Labor Law § 663 et seq. and § 198; (3) recovery of all wages improperly deducted in violation of New York Labor Law § 193; and (4) all damages authorized by New York Labor Law § 198.

35. Named Plaintiff Ethan Broadbent was employed by Defendant Mohawk Valley Health System at its Wynn Hospital location as a Patient Care Technician from approximately December 15, 2023, through March 20, 2024.

36. Named Plaintiff Broadbent was paid an hourly rate of $17.86 per hour.

37. Named Plaintiff Holmes was employed by Defendants as a Nurse Technician from approximately February 22, 2023, through July 26, 2023.

38. Named Plaintiff Holmes was paid an hourly rate of $16.50.

39. Named Plaintiff Nelson was employed by Defendants as a Patient Care Technician from approximately February 2023, through November 2023.

40. Named Plaintiff Nelson was paid an hourly rate of $17.00.

41. The duties of Patient Care Technicians and Nurse Technicians are essentially the same.

42. This action is brought on behalf of Named Plaintiffs and a putative class consisting of similarly situated employees who worked for Defendants as hourly paid Nurse Technicians, Licensed Practical Nurses, Patient Care Technicians and Certified Nurse Assistants and possibly other hourly employees performing similar direct nursing and personal care support in furtherance of Defendants' operations as a medical facility.

43. Upon information and belief, from March 2018, until the present, Defendants employed Named Plaintiffs and other members of the putative class in furtherance of their professional medical services operations.

44. While working for Defendants, Named Plaintiffs and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable State and Federal law.

45. In particular, during years 2023 and 2024 Named Plaintiffs and those similarly situated would typically be scheduled to work 12.5-hour shifts.

46. Named Plaintiff Broadbent was typically scheduled to work from 10:30 a.m. to 11:00 p.m. three shifts per week in the Emergency Department. However, he would also typically add another shift during the week referred to as a "crisis shift" for times when Defendant was understaffed with Patient Care Technicians.

47. Named Plaintiff Broadbent worked with three or four other Patient Care Technicians during his shift and believes there are a total of approximately 15-20 Patient care

Technicians working in the Emergency Department or Defendant. There were three shifts that overlapped during a 24-hour period.

48. Some of the other Patient Care Technicians that worked in the Emergency Department with Named Plaintiff Broadbent are: "Ellie," "Michelle," "Emily," Josh," "Riley," and "Alyssa." Named Plaintiff Broadbent personally observed these coworkers also routinely working without taking a meal break due to being too busy with patients.

49. Upon information and belief, there are dozens more Patient Care Technicians working for Defendant outside of the Emergency Department.

50. Named Plaintiff Holmes and Nelson were typically scheduled to work 6:30 p.m. to 7:00 a.m. However, Named Plaintiff Nelson typically worked additional shifts so that her hours typically exceeded 40 a week. As such, her unpaid time for wrongfully deducted meal breaks is compensable at the overtime rate of pay.

51. For the 12.5-hour scheduled shift, one-half hour would be automatically deducted from their pay for a meal break that was typically not taken.

52. However, Named Plaintiffs would typically, almost always, be too busy working to take a full or even partial meal break due to understaffing. Named Plaintiff Broadbent personally observed his above noted coworkers also routinely working without taking a meal break due to being too busy with patients. Despite this, Defendants would still automatically deduct the one-half hour of pay from the paychecks of Named Plaintiffs and those similarly situated.

53. As a result, Named Plaintiffs and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

54. For example, during the pay periods of December 11, 2023 – December 24, 2023; December 25 – January 7, 2024; January 8, 2024 – January 21, 2024; January 22, 2024 – February

4, 2024; February 5, 2024 – February 18, 2024; and February 19, 2024 – March 3, 2024, Named Plaintiff Broadbent worked overtime. As such, his unpaid time for wrongfully deducted meal breaks is compensable at the overtime rate of pay.

55. Upon information and belief, during the period from March 2018 through the present, more than 500 similarly situated persons worked for the Defendants in a similar capacity and thus fall into the putative class.

56. Upon information and belief, Defendants exercise extensive or exclusive control over the means by which its employees perform their job.

57. Upon information and belief, Named Plaintiffs and other similarly situated persons were paid a regular wage, while regularly working at least 36 hours per week.

58. Upon information and belief, while working for Defendants, Named Plaintiffs, and those similarly situated, wages regularly did not correctly reflect the total amount of hours worked in any given pay period.

59. Defendants consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

60. Named Plaintiffs, and those similarly situated, received from Defendants inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiffs and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiffs and those similarly situated were owed pay and mislead them as to whether they were properly paid for all hours worked. Each pay statement that wrongfully stated the hours due to Named

Plaintiffs and those similarly situated constitutes a separate and individual actionable violation of the FLSA and NYLL, as stated herein.

## FIRST CAUSE OF ACTION

### UNPAID WAGES AND OVERTIME UNDER FLSA

61. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

62. The Named Plaintiffs and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

63. Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

64. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

65. Upon information and belief, Named Plaintiffs and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiff and those similarly situated actually worked.

66. On this claim for relief, the Named Plaintiffs on behalf of himself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiffs and other similarly situated employees.

67. The Named Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

### UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

68. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

69. Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiffs and other members of the putative class action, are protected from wage underpayments and improper employment practices.

70. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

71. As person employed for hire by Defendants, Named Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

72. Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

73. As an entity that hired the Named Plaintiffs and other members of the putative class, Defendants are an "employer."

74. The Named Plaintiffs and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

75. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Named Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

76. Pursuant to New York Labor Law § 652 and the cases interpreting same, "Every employer shall pay to each of its employees for each hour worked a wage of not less than" the statutory minimum wage.

77. In failing to pay the Named Plaintiffs and other members of the putative class proper wages for time worked in one week, Defendants violated New York Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

78. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

79. By withholding wages for time worked in any given week from Named Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Named Plaintiffs and other members of the putative class.

80. Pursuant to New York Labor Law § 198, Named Plaintiffs and those similarly situated bring this action to recover wages to which they are entitled.

81. Under NYLL, Named Plaintiffs and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

82. Additionally, Named Plaintiffs and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

83. Even though Named Plaintiffs and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendants refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiffs and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and 19 NYCRR §§ 142, *et. seq.*

84. Upon information and belief, Defendants willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

85. On this claim for relief, the Named Plaintiffs on behalf of himself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiffs and other similarly situated employees.

86. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND PAY STATEMENTS UNDER NYLL

87. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

88. Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

89. Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

90. Named Plaintiffs, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendants.

91. Through their knowing or intentional failure to provide Named Plaintiffs with the wage notices and pay statements required by the NYLL, Defendants have willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

92. According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

93. According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $250 for every week they did not receive a proper and accurate pay statement up to a total of $5000, together with costs and reasonable attorney's fees.

94. By the foregoing reasons, Defendants violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

95. Plaintiffs demand that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the

amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

   (3) On the Third Cause of Action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

   (4) Such other and further relief as this Court may deem just and proper.


Dated: Fayetteville, New York
   March 28, 2024

             By: */s/ Frank S. Gattuso*
                Frank S. Gattuso
                GATTUSO & CIOTOLI, PLLC
                The White House
                7030 E. Genesee Street
                Fayetteville, New York 13066
                315-314-8000
                315-446-7521 (fax)
                fgattuso@gclawoffice.com

                *Attorneys for the Plaintiffs and putative class*